FILED
JUL - 8 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LESTER JON RUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 1178 |
| ) | |
| BARBARA S. RIGGS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court for consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(E)(1)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff brings this action against the former Deputy Director of the United States Secret

1

Service under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. § 1961 *et seq.* In a disorganized and rambling set of conclusory statements, plaintiff accuses defendant of conspiring with her staff to "inflict damage to Plaintiff's person and small business, Penguin Enterprises Unlimited," by "acts of extortion, blackmail, mail fraud, wire fraud, embezzlement . . ., witness tampering, [and] retaliation against a civil witness" in violation of RICO. Compl. at 2-3. He further accuses defendant of unlawful interference both in the criminal case against him and the pending appeal, *id.* at 3, "by terroristic threats of assault and murder, by and through inmates Plaintiff is housed with." *Id.* at 6. Referring to exhibits regarding the Secret Service's handling of his Freedom of Information Act request, plaintiff accuses defendant of discriminating against him on the bases of his ethnic origin and religion in the handling of his request to the Secret Service under the Freedom of Information Act. *Id.* at 3. In addition, plaintiff alleges that his 2004 "kidnapping" occurred under defendant's direct supervision, that defendant deprived him of habeas relief, and that she concealed evidence during proceedings in this and other federal courts. *See id.* at 5-6.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are baseless and wholly incredible and that his claims are based on meritless legal theories. The complaint is frivolous and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Ruston v. Dallas County*, No. 07-cv-1076, 2008 WL 958076 (N.D. Tex. Apr. 9, 2008) (noting Ruston's "extensive and abusive filing history" and dismissing similar claims against as

frivolous and for failure to state a claim on which relief can be granted). Plaintiff's request for injunctive relief is denied as moot. An Order consistent with this Memorandum Opinion is issued separately.

                                                                                       /s/ Ricardo M. Urbina
                                                                    United States District Judge

Date: 6/30/08